IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYNAMIC DATA TECHNOLOGIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1529-CFC |
| | ) | |
| GOOGLE LLC and | ) | |
| YOUTUBE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In this patent infringement action filed by Plaintiff Dynamic Data Technologies ("Plaintiff") against Defendants Google LLC ("Google") and YouTube, LLC ("YouTube," and collectively with Google, "Defendants"), pending is Defendants' motion to dismiss Plaintiff's allegations of pre-suit induced infringement and willful infringement of the 10 patents-in-suit (the "patents-in-suit"), filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (D.I. 17; *see also* D.I. 60) For the reasons that follow, the Court recommends that Defendants' Motion be GRANTED.

**I. BACKGROUND AND STANDARD OF REVIEW**

This action was originally filed on November 5, 2018 in the United States District Court for the Eastern District of Texas. (D.I. 1) On January 11, 2019, Defendants filed the instant Motion; in addition to the grounds for dismissal that the Court will resolve here, the Motion also asserted that Plaintiff's Complaint should be dismissed for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). (D.I. 17) Later, the parties jointly moved that the case be transferred to this District, (D.I. 48), and, as a result, the venue portion of the Motion is now moot, (D.I. 60). The Court was thereafter referred the remainder of the Motion for resolution by

United States District Judge Colm F. Connolly, (D.I. 61), and, at the parties' suggestion, (D.I. 60), the Court allowed the parties to file additional letter briefs (containing, *inter alia*, supplemental authority from this Court) relevant to the remaining Rule 12(b)(6) issues. (D.I. 63; D.I. 64; D.I. 65) That briefing concluded on October 30, 2019. (D.I. 65)

The standard of review here is the familiar two-part analysis applicable to motions to dismiss that are filed pursuant to Rule 12(b)(6), which is set out, *inter alia*, in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## II. DISCUSSION

Defendants argue that Plaintiff's allegations in the Complaint are "insufficient to state a claim for induced or willful infringement for any pre-suit conduct." (D.I. 63 at 2)[1] Plaintiff, for its part, asserts that Defendant Google had knowledge of the asserted patents and of its induced and/or willful infringement since at least September 10, 2018 (i.e., about two months prior to the filing of the Complaint in this case). (D.I. 1 at ¶¶ 133-37, 155-59, 178-82, 198-202, 219-23, 238-43, 261-65, 282-86, 307-11, 333-37) Plaintiff points to three factual bases, referenced in the Complaint, to support its argument that Google had pre-suit knowledge of the patents-in-suit:

- On September 10, 2018, Plaintiff's Chinese counsel sent a letter to certain of Google's executives "regarding [Plaintiff's patent] portfolio and Google's infringement of certain Chinese patents owned by [Plaintiff]"; this letter, which Google received, also included a list of all of the approximately 400 patents in Plaintiff's portfolio, including the 10 patents-in-suit here, and a request to discuss the potential for a mutually-acceptable license agreement. (*Id.* at ¶¶ 12-13; *see also id.* at ¶¶ 9, 134, 156, 179, 199, 220, 239, 262, 283, 308, 334);

---

[1] Claims for induced and willful patent infringement each require that the infringer had knowledge of the patent and knowledge of its infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *Välinge Innovation AB v. Halstead New England Corp.*, Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018).

- Google cited to the underlying patent application of what became one of the patents-in-suit, United States Patent No. 8,311,112, identifying that application as relevant prior art during Google's prosecution of one of Google's own patent applications. (*Id.* at ¶¶ 11, 78; *see also* D.I. 64 at 3); and

- Plaintiffs allege that the patents-in-suit were well-known in the video processing industry (the relevant field here) and, relatedly, that various third-party companies have cited to the patents-in-suit and/or the underlying patent applications when those companies were prosecuting their own patent applications. (D.I. 1 at ¶ 11; *see also id.* at ¶¶ 39, 48, 57, 64, 72, 78, 87, 94, 105, 117, 137, 159, 182, 202, 223, 243, 265, 286, 311, 337).

None of these three factual bases, considered individually, would allow for a plausible allegation of Defendant Google's pre-suit knowledge of the patents-in-suit. And it is arguable whether—even considering all three factual bases together—such allegations would be sufficient to plausibly set out Google's pre-suit knowledge of those patents. But the Court need not reach that issue.

That is because even assuming that it *is* plausible that as of September 2018, Google somehow knew of the existence of each of the patents-in-suit, Defendants' Motion would still be well taken—since the Complaint does not contain plausible allegations that Google would then have known that *it was infringing* each of the patents-in-suit. After all, the September 10, 2018 letter did not allege that Google infringed any of the patents-in-suit, let alone explain why it is that the accused Google products at issue, (*see, e.g., id.* at ¶ 120), infringed those particular patents. And while the Complaint does assert, in conclusory language, that Google was aware pre-suit that the "normal and customary use of the accused products would infringe" the patents-in-suit, (*see id.* at ¶ 136, 158, 181, 201, 222, 242, 264, 285, 310, 336), it does not include allegations further explaining why that is so. That is, it does not articulate why, in the absence of having received a pre-suit notice letter explaining why the accused products infringed the

3

patents-in-suit, Google would have nevertheless understood (prior to being served with the Complaint) that such infringement had been occurring. For this reason, the Court recommends that the Motion be granted as to the claims-at-issue against Google.[2]

As to Defendant YouTube, the Court agrees with Defendants that the Complaint's allegations are insufficient to plausibly set out YouTube's pre-suit knowledge of the patents-in-suit and YouTube's pre-suit knowledge of infringement. (*See* D.I. 63 at 2) None of the Complaint's allegations of pre-suit knowledge are specific to YouTube. (*Id.*) Though Plaintiff notes in its letter brief that YouTube is a "subsidiary of Google[,]" (D.I. 64 at 3), it provides no factual basis in its brief (or, more importantly, in the Complaint), for the conclusion that Google's knowledge should be imputed to YouTube. (D.I. 63 at 3 n.2); *see also Varian Med. Sys., Inc. v. Elekta AB*, Civil Action No. 15-871-LPS, 2016 WL 3748772, at *5 (D. Del. July 12, 2016) (noting that concrete allegations that a parent corporation had pre-suit knowledge of a patent were insufficient, without more, to plausibly allege that lesser subsidiaries of that parent had the requisite knowledge) (citing cases), *report and recommendation adopted*, 2016 WL

---

[2] *See Deere & Co. v. AGCO Corp.*, Civil Action No. 18-827-CFC, 2019 WL 668492, at *6-7 (D. Del. Feb. 19, 2019) (concluding that allegations about a pre-suit letter, which made reference to four patents and was sent to a defendant, were insufficient to plausibly allege that the letter gave defendant pre-suit knowledge that its accused products infringed those patents, in part because the complaints at issue "[did] not allege that the letter identified the [accused products]; nor [did] the . . . complaints allege that the letter stated that (let alone explained how) the combination[s] of [the accused products] infringe[d] the four patents" at issue); *cf. VLSI Tech. LLC v. Intel Corp.*, Civil Action No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (concluding that a complaint's failure to allege sufficient facts as to why a defendant was willfully blind to *its infringement* of the patents-in-suit provided an independent basis to dismiss willful infringement allegations, even if the complaint had sufficiently alleged that the defendant was willfully blind to the *existence* of those patents).

4

9307500 (D. Del. Dec. 22, 2016). For that reason alone, the Court recommends that the Motion be granted as to the claims at issue against YouTube.[3]

## III. CONCLUSION

For the foregoing reasons, the Court recommends that the Motion be GRANTED, and that Plaintiff's claims of pre-suit induced infringement and of willful infringement be dismissed.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: March 18, 2020

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[3] Moreover, since Plaintiff's argument as to YouTube relies on Plaintiff having established the requisite types of pre-suit knowledge as to Google, and since the Court has found the allegations as to Google wanting, that would provide another reason why the Motion should be granted with regard to YouTube.

5