IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYNAMIC DATA TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 19-1529 (CFC) |
| v. | ) ) |
| GOOGLE LLC and YOUTUBE, LLC, | ) ) |
| Defendants. | ) ) |

### DEFENDANTS GOOGLE LLC AND YOUTUBE LLC'S RESPONSE TO DYNAMIC DATA TECHNOLOGIES, LLC'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANTS' <u>MOTION TO DISMISS UNDER RULES 12(B)(3) AND 12(B)(6)</u>

OF COUNSEL:

Michael C. Hendershot
Evan M. McLean
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants*

May 13, 2020

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. LEGAL STANDARD ......................................................................................... 3

III. ARGUMENT ....................................................................................................... 4

    A. The R&R Correctly Determined that Plaintiff's Allegations Fail to Support a Reasonable Inference of Pre-Suit Knowledge of Infringement of the Asserted Patents ............................................. 4

    B. The Magistrate Judge's Unchallenged Conclusions Regarding Pre-Suit Knowledge of the Patents Also Support Dismissal .......... 8

    C. Plaintiff's Suggestion That the Magistrate Judge Misunderstands Rule 12 Is Refuted by the R&R Itself. ................... 9

    D. Plaintiff's Suggestion That the Magistrate Judge Misunderstands the Import of a Parent-Subsidiary Relationship as to YouTube Is Refuted by the R&R Itself ........... 10

IV. CONCLUSION .................................................................................................. 11

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 3

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) ............................................................................................ 4

*Deere & Co. v. AGCO Corp.Deere & Co. v. AGCO Corp.*,
   C.A. No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) ..................... 4, 7

*Elm 3DS Innovations, LLC v. Samsung Electronics Co.*,
   C.A. No. 14-1430-LPS-CJB, 2015 WL 5725768 (D. Del. Sept. 29, 2015) ........... 6

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ................................................................................ 3, 9

*In re Elonex Phase II Power Mgmt. Litig.*,
   C.A. No. 01-082 GMS, 2002 WL 433614 (D. Del. Mar. 20, 2002) .................... 10

*Investpic, LLC v. FactSet Research Sys., Inc.*,
   C.A. No. 10-1028-SLR, 2011 WL 4591078 (D. Del. Sept. 30, 2011) ............... 6, 7

*Välinge Innovation AB v. Halstead New England Corp.*,
   C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ............ 4

*Varian Medical Systems, Inc. v. Elekta AB*,
   C.A. No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) ....................... 9

*VLSI Technology LLC v. Intel Corp.VLSI Technology LLC v. Intel Corp.*,
   C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ..................... 5

**STATUTES**

35 U.S.C. § 287 .................................................................................................................. 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ...................................................................................................... 2, 8, 9

Fed. R. Civ. P. 12(b)(3) ...................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 3

Fed. R. Civ. P. 72(b)(3) ...................................................................................................... 4

Defendants Google LLC ("Google") and YouTube LLC ("YouTube") (collectively, "Defendants") hereby respond to Plaintiff Dynamic Data Technologies, LLC's ("Plaintiff") Objections (D.I. 69) to the Magistrate Judge's Report and Recommendation ("R&R," D.I. 66) regarding Defendants' Motion to Dismiss under Rules 12(b)(3) and 12(b)(6).

## I. INTRODUCTION

The Magistrate Judge correctly recommended dismissal of Plaintiff's pre-suit inducement and willfulness claims. Such claims require plausible allegations of pre-suit knowledge of alleged infringement in addition to pre-suit knowledge of the asserted patents. The Magistrate Judge correctly recognized that Plaintiff's allegations were deficient as to both, and Plaintiff's objections provide no basis for setting aside the recommendation.

*First*, as to knowledge of alleged infringement, Plaintiff's objections simply ignore authority from this Court on which Magistrate Judge Burke relied in the R&R and also ignore Plaintiff's own allegations and the Magistrate Judge's unchallenged findings concerning them. Instead, Plaintiff falls back on the conclusory allegation that all of the prior assignees' patents (allegedly hundreds) were "well known" and therefore any company with knowledge of its own products must be on notice of alleged infringement of each individual patent. But Plaintiff does not and cannot square its argument with its own allegation that

1

Plaintiff itself listed hundreds of patents without any identification whatsoever of which ones were purportedly "well known" or infringed. *See, e.g.*, Compl. ¶¶ 10-12. Plaintiff's argument would effectively collapse notice of infringement into mere knowledge of a patent, contrary to the Court's prior decisions.

***Second***, as to knowledge of the patents, the Magistrate Judge noted that the three factual bases alleged by Plaintiff in its complaint were questionable individually (and arguably insufficient even when taken together) to plausibly support an inference of pre-suit knowledge, to which Plaintiff did not object as erroneous. This provides an independent basis for adopting the R&R and one that is reinforced by Plaintiff's allegations. Plaintiff cites to no authority to support that listing hundreds of patents and claiming they are "well known" is sufficient to put a party on notice of each and every patent in that list—let alone the specific asserted patents when the plaintiff itself directed the party's attention to *other* patents. *See, e.g.*, Compl. ¶¶ 10-12.

Plaintiff's objections boil down to a central premise that the Magistrate Judge did not understand the law governing a Rule 12 motion and improperly applied the standard. But this argument finds no support in the R&R. Rather, the Magistrate Judge rightly noted the "familiar" *Twombly*/*Iqbal* standard governed and applied it correctly. That Plaintiff does not like the result does not mean an improper standard was somehow applied. The R&R applies even more

significantly to YouTube given that Plaintiff seeks to impute purported relevant knowledge from Google without any factual basis (other than the parent-subsidiary relationship between the entities).

Thus, the Court should reject Plaintiff's baseless objections and adopt the R&R without modification, dismissing Plaintiff's pre-suit inducement and willfulness claims.

## II. LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), as noted in the R&R, Plaintiff's Complaint is reviewed under "the familiar two-part analysis" laid out in *Twombly/Iqbal*. *See* D.I. 66 at 2 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)). In particular, a claim has facial plausibility only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* D.I. 66 at 2 (citing *Fowler*, 578 F.3d at 210-11). "[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Iqbal*, 556 U.S. at 678-79. Conclusory or "bare-bones" allegations will not survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

At the pleading stage, claims for pre-suit induced and willful patent infringement require that the defendant plausibly had (1) knowledge of the patent and (2) knowledge of its infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *Välinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018); *see also* D.I. 66 at 2-3 & n.1.

For dispositive motions, the Court reviews "de novo" any part of the R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### III. ARGUMENT

#### A. The R&R Correctly Determined that Plaintiff's Allegations Fail to Support a Reasonable Inference of Pre-Suit Knowledge of Infringement of the Asserted Patents

Plaintiff does not dispute that knowledge of infringement is a separate legal requirement that must be plausibly alleged in addition to knowledge of the patents. *See* D.I. 66 at 3. The R&R recognized the Plaintiff had not done so, relying on two recent decisions from the Court cited in Defendants' briefing. *See* D.I. 66 at 4 & n.2. Plaintiff ignores both and instead advances arguments that contradict those authorities and its own allegations.

First, in *Deere & Co. v. AGCO Corp.*, the Court held that a pre-suit notice letter was deficient because it did not identify the accused products nor explain how the accused products infringed the patents at issue. C.A. No. 18-827-CFC,

2019 WL 668492, at *6-7 (D. Del. Feb. 19, 2019). Here, despite relying on a similarly deficient letter in its Complaint and before the Magistrate Judge, Plaintiff does not address *Deere* or challenge the R&R's conclusion that Plaintiff's letter was likewise insufficient. *See* D.I. 66 at 3. Indeed, Plaintiff effectively abandons two of the three bases for alleged notice it relied upon in the complaint and supplemental briefing requested by the Magistrate Judge—its pre-suit letter and isolated citations to a single patent application. *See* D.I. 69 at 5-6.

Second, in *VLSI Technology LLC v. Intel Corp.*, this Court made clear that pre-suit knowledge of the patents and notice of infringement are separate requirements, each of which must be plausibly alleged. C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). Plaintiff ignores *VLSI* and advances an argument that would effectively collapse requisite notice of infringement into mere knowledge of the patents.

Plaintiff's objections rely on insufficient allegations that its patents were generally "well known" and therefore Defendants—and presumably any other company—were therefore on notice of alleged infringement simply by knowing how their products operate. *See* D.I. 69 at 5-6. Plaintiff's argument would collapse notice of infringement into mere knowledge of the patents based on a conclusory allegation that the asserted patents (along with several hundreds of other patents) were "well known." This is contrary to decisions of this Court and

5

a legal principle the Magistrate Judge rightly recognized and to which Plaintiff did not object. *See* D.I. 66 at 3-4 & n.2. Moreover, the foundational assumption upon which Plaintiff's argument is built—that its allegations that the patents were well known is individually sufficient to plausibly support knowledge of the asserted patents—was rejected by the Magistrate Judge and Plaintiff did not object to that conclusion. *See id.* at 3. This alone is an independent ground to overrule Plaintiff's objections.

The decision in *Elm 3DS Innovations, LLC v. Samsung Electronics Co.* does not warrant a different result here. C.A. No. 14-1430-LPS-CJB, 2015 WL 5725768 (D. Del. Sept. 29, 2015). The plaintiff in *Elm 3DS* did not rely on general allegations that all its patents were "well known" in support of pre-suit notice. Rather, it only alleged pre-suit induced infringement for 1 out of 12 asserted patents and, for that patent, alleged: (1) the defendants worked with other companies—including ones with knowledge of the asserted patent—in "a forum for semiconductor manufacturers;" (2) such interactions occurred in a "tight knit semiconductor industry" in which the asserted patent was "frequently referenced;" and (3) the defendant "had some fairly detailed, specific

6

discussions" with the asserted patents' inventor and plaintiff's president dating back over a decade. *Elm 3DS*, 2015 WL 5725768, at *1-3.[1]

No such facts are alleged here. Instead, Plaintiff relies on its sweeping allegations that all of the ten asserted patents (and purportedly a portfolio of hundreds of patents as a whole) are well known. A conclusion that this would support notice of alleged infringement is particularly implausible in view of Plaintiff's own allegations. Plaintiff ignores that it sent a pre-suit letter that not only did not explain infringement and buried the asserted patents in a listing of hundreds, but specifically directed Google to *other* unrelated patents. *See Deere*, 2019 WL 668492, at *6-7.[2] Plaintiffs' objections regarding Defendants' knowledge of infringement thus have no basis and should be rejected.

---

[1] Plaintiff's reference to *Investpic, LLC v. FactSet Research Sys., Inc.* (*see* D.I. 69 at 2, 7) is similarly misplaced. There the Court discussed only knowledge of the patent—not knowledge of infringement—and the complaint specified citations to the asserted patent itself and marking of covered products in accordance with 35 U.S.C. § 287. *See Investpic*, C.A. No. 10-1028-SLR, 2011 WL 4591078, at *1-2 & n.2 (D. Del. Sept. 30, 2011).

[2] Plaintiff also briefly relies on a prior ruling by a New York court in separate litigation brought by Plaintiff. *See* D.I. 69 at 2-3 n.1 (citing D.I. 69, Ex. 7). The decision is inapposite and inconsistent with the record here: (a) the New York complaint involved a different party with different factual history and allegations (*e.g.*, Plaintiff here specifically pointed Google to *other* patents, not those in the suit, as noted by the Magistrate Judge); (b) Plaintiff's efforts to shoehorn the allegations here into the New York opinion contradicts this Court's authority (*e.g.*, that Plaintiff's notice letter not explaining infringement was insufficient for pleading any knowledge); and (c) Plaintiff does not cite—much less make any effort to reconcile its argument with—this Court's prior decisions.

7

### B. The Magistrate Judge's Unchallenged Conclusions Regarding Pre-Suit Knowledge of the Patents Also Support Dismissal

In the R&R, the Magistrate Judge also correctly noted that none of Plaintiff's three alleged bases individually constituted "a plausible allegation of Defendant Google's pre-suit knowledge of the" Asserted Patents. *See* D.I. 66 at 3. Plaintiff's objections do not challenge this conclusion. Although the R&R stated that it need not reach the bases' sufficiency as a combination, it noted that "it is arguable whether—even considering all three factual bases together—such allegations would be sufficient to plausibly set out Google's pre-suit knowledge of those patents." *Id.* Nothing about the three disconnected bases Plaintiff alleges makes an inference of pre-suit knowledge more plausible when considered collectively rather than individually. Indeed, Plaintiff cites no authority suggesting that listing hundreds of patents in correspondence that buried the asserted patents and actually directed Google to *other* patents is made more effective by a blanket allegation that all the patents were somehow "well known." Thus, Plaintiff's failure to adequately allege pre-suit knowledge of the patents themselves, particularly in view of the Magistrate Judge's unchallenged findings, independently supports adopting the R&R.

### C. Plaintiff's Suggestion That the Magistrate Judge Misunderstands Rule 12 Is Refuted by the R&R Itself.

Plaintiff does not refute the R&R's legal statements, distinguish the cited cases, or cite to any particular misapprehension of the allegations. Rather, Plaintiff objects that the Magistrate Judge "raise[d] the pleading standard far beyond what is required" and suggests the R&R had difficulty drawing the "distinction between a plaintiff's burden at the outset of the case . . . and plaintiff's ultimate burden . . . at trial." D.I. 69 at 1-2. Such a notion is dispelled by the R&R, Plaintiff's conclusory allegations, and authority of this Court that Plaintiff fails to mention, much less address.

As noted in the R&R, the Magistrate Judge applied "the familiar two-part analysis" required by Rule 12 and *Twombly/Iqbal*. *See* D.I. 66 at 2 (citing *Fowler*, 578 F.3d at 210-11). The Magistrate Judge analyzed Plaintiff's allegations in the Complaint (and the arguments in its briefs), and properly determined that the Complaint fails to state a cause of action for pre-suit induced and willful infringement. Consistently, the R&R acknowledged that several of Plaintiff's allegations regarding Defendants' purported knowledge were conclusory statements and/or legal conclusions. *See, e.g.*, D.I. 66 at 3, 4. The Magistrate Judge properly disregarded (or gave little weight to) such allegations and analyzed the allegations under relevant authority (much of which Plaintiff

9

now ignores). That Plaintiff does not like the result does not mean an improper standard was somehow applied.

### D. Plaintiff's Suggestion That the Magistrate Judge Misunderstands the Import of a Parent-Subsidiary Relationship as to YouTube Is Refuted by the R&R Itself

Plaintiff's allegations concerning Google are facially inapplicable to YouTube. Plaintiff includes no allegations specific to YouTube and does not suggest YouTube was involved in any of the alleged pre-suit communications. In the R&R, the Magistrate Judge correctly noted that YouTube was a subsidiary of Google and cited to *Varian Medical Systems, Inc. v. Elekta AB*, which involved allegations similar to those in the Complaint here. C.A. No. 15-871-LPS, 2016 WL 3748772, at *5 (D. Del. July 12, 2016) (no pre-suit knowledge for entity based solely on parent-subsidiary relationship); *see also* D.I. 69 at 4-5. Nonetheless, Plaintiff's suggestion that this was error and that the knowledge of a parent must be imputed to its subsidiary is contrary to law. Indeed, the sole case Plaintiff cites, while addressed to summary judgment, reinforces that the R&R is correct. *See* D.I. 69 at 8-9 (citing *In re Elonex Phase II Power Mgmt. Litig.*, C.A. No. 01-082 GMS, 2002 WL 433614, at *6 (D. Del. Mar. 20, 2002)). In *Elonex*, there was a dispute of material fact as to whether an agency relationship existed between two entities. 2002 WL 433614, at *6. Plaintiff makes no such agency allegations here nor does it cite support that one necessarily results from

10

any parent-subsidiary corporate structure. The claims against YouTube should be dismissed for this reason as well.

## IV. CONCLUSION

For the reasons set forth above, the Court should adopt the R&R and dismiss Plaintiff's pre-suit claims for induced and willful infringement.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL:

Michael C. Hendershot
Evan M. McLean
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939

May 13, 2020

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants*

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 2,345 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the response. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 13, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Emily A. Letcher, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Dorian S. Berger, Esquire<br>Daniel P. Hipskind, Esquire<br>Eric B. Hanson, Esquire<br>BERGER & HIPSKING LLP<br>9538 Brighton Way, Suite 320<br>Beverly Hills, CA  90210<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)