IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYNAMIC DATA TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 19-1529-CFC |
| GOOGLE LLC and YOUTUBE LLC, | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Pending before me are Plaintiff's objections (D.I. 69) to the Magistrate

Judge's Report and Recommendation issued on March 18, 2020 (D.I. 66).   The

Magistrate Judge recommended in his Report and Recommendation that I grant

Defendants' motion to dismiss Plaintiff's allegations of pre-suit induced and

willful infringement of the 10 patents asserted in this case (D.I 17).[1]   I have

---

[1] For reasons not clear from the record, Defendants did not move to dismiss
Plaintiff's allegations of post-suit induced and willful infringement.   *See VLSI
Tech. LLC v. Intel Corp.*, No. CV 18-966-CFC, 2019 WL 1349468, at *2 (D. Del.
Mar. 26, 2019) (holding that "the complaint itself cannot serve as the basis for a
defendant's actionable knowledge" for a willful infringement claim because "[t]he
purpose of a complaint is not to create a claim but rather to obtain relief for an
existing claim."); *Kaufman v. Microsoft Corp.*, No. 16 CIV. 2880 (AKH), 2020
WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020) (holding that "Plaintiff's theory [of
post-suit knowledge of asserted patents] is without merit" and "not the law in this
district").

reviewed the Report and Recommendation, the objections, and Plaintiff's response (D.I. 71).

The Magistrate Judge had the authority to make his findings and recommendation under 28 U.S.C. § 636(b)(1)(B).   I review his findings and recommendation de novo.   § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011)

I agree with the Magistrate Judge's thoughtful and well-reasoned conclusions.   The Complaint's factual allegations—considered individually or together—do not plausibly allege pre-suit knowledge of the asserted patents.[2] Moreover, as the Magistrate Judge found, "even assuming it *is* plausible that . . . [Defendants] somehow knew of the existence of each of the patents-in-suit [before the suit was filed], . . . the Complaint does not contain plausible allegations that [Defendants] would then have known that [they were] *infringing* each of the patents-in-suit."   D.I. 66 at 3 (emphasis in original).   This conclusion is spot-on.

WHEREFORE, on this 11th day of June in 2020, IT IS HEREBY ORDERED that:

---

[2] The Magistrate Judge did not reach the issue of whether the allegations considered together plausibly set out Defendants' pre-suit knowledge of the asserted patents.   In my opinion, the allegations considered together do not.

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (D.I. 69) are OVERRULED;

2. The Report and Recommendation (D.I. 66) is ADOPTED;

3. Defendant's motion to dismiss (D.I. 17) is GRANTED;

4. The Complaint's allegations of pre-suit induced and willful infringement are DISMISSED without prejudice; and

5. Plaintiff shall have until July 10, 2020 to file an amended complaint.


_____
UNITED STATES DISTRICT JUDGE